IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID PAUL FARRAR,<br><br>Defendant. | CR 20–05–M–DLC<br><br><br><br>ORDER |

On December 17, 2025, Defendant David Paul Farrar filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 75.) The government opposes the motion. (*Id.* at 1.) Farrar's projected release date is December 25, 2036. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed January 26, 2026). For the reasons discussed below, the Court denies the motion.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements

1

of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2025).

Farrar argues that his array of medical conditions amount to extraordinary and compelling circumstances that warrant immediate release or sentence reduction. (Doc. 76 at 6.)

## I.     Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). On October 25, 2024, Warden Jared Rardin denied Farrar's administrative request for a reduction in sentence. (Doc. 76-2 at 1.) As such, it appears as though Farrar has exhausted his administrative remedies.

## II.    Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes

an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2025). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant

3

is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Farrar argues that he qualifies for compassionate release due to his medical conditions and a combination of other circumstances. Beginning with the medical conditions, Farrar suffers from knee pain, depression, seizure disorder, tremors, occipital neuralgia, osteopenia, diabetes, asthma, colon polyps, diverticulitis, rhinitis, hyperlipidemia, chronic ankle pain, carpal tunnel syndrome, restless legs, gastroesophageal reflux disease, urinary tract symptoms, chronic low back pain, cataracts, glaucoma, PTSD, substance abuse disorder, and obstructive sleep apnea. (Doc. 76 at 7 (citing Doc. 77-2 at 2–3).) Farrar specifically highlights his Type II diabetes and persistent seizure disorder, epilepsy, "which has been a problem for Mr. Farrar since he suffered a traumatic brain injury during his Naval service." (*Id.* at 8.) As of October 2025, Farrar also suffers from a cardiac murmur. (Doc. 77-1 at 1.) Farrar contends that "[g]iven [his] age and underlying mental health conditions, he is a medically vulnerable inmate who cannot provide sufficient self-care, even in a medical facility like FMC Rochester." (Doc. 76 at 8–9.)

Farrar argues that he also qualifies for compassionate release under § 1B1.13(b)(5), due to his sentence length, lack of criminal history, and rehabilitation efforts. (*Id.* at 9.) Specifically, Farrar has no disciplinary history and has demonstrated significant progress toward rehabilitation. (*Id.* at 11.)

In response, the Government submits that Farrar's medical conditions have

4

not substantially diminished Farrar's ability to provide self-care while in custody. (Doc. 78 at 4.)

The Court agrees with the Government and finds that Farrar has not demonstrated extraordinary and compelling circumstances that warrant an early release. Many of Farrar's medical conditions are long existing and were present at the time the Court sentenced Farrar. (*See* Doc. 71 at 21–23 (Presentence Investigation Report ("PSR") describing Farrar's degenerative arthritis, chronic ankle and knee pain, traumatic brain injury, epileptic seizures, COPD, umbilical hernia, colon polyps, hypertension, restless leg syndrome, diabetes, depression, PTSD, and extended substance abuse history).) Farrar does suffer from a new medical condition: a heart murmur which may require valve replacement. (Doc. 77-1 at 1.) Based on this new condition, documented by BOP in October 2025, Farrar has been referred for a follow-up to determine if he needs valve replacement. (*Id.*) Over the course of Farrar's incarceration, Farrar has received extensive medical treatment, as evidenced by the 972 pages of BOP medical and mental health records. Each time Farrar has reported symptoms or issues, he has been promptly seen by a medical professional.

While Farrar undoubtedly has serious progressive medical problems that require ongoing medical treatment, the Court finds that those conditions are being adequately treated by the BOP at the Federal Medical Center in which Farrar is

incarcerated. Farrar's medical issues do not "substantially diminish [Farrar's ability] to provide self-care within the environment of a correction facility." *See* § 1B1.13(b)(1).

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

On December 10, 2020, Farrar was sentenced in this matter to a custodial sentence of 240 months to be followed by 10 years of supervised release after pleading guilty to one count of sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1). (Doc. 69.)

The offense conduct in this case involved Farrar surreptitiously recording children and women using the bath, toilet, and changing clothes in Farrar's

residence. (PSR ¶ 12.) Farrar also possessed videos of himself sexually abusing a prepubescent girl. (*Id.*)

Farrar's total criminal history score was three at the time of sentencing, placing him in criminal history category II. (*Id.* ¶ 78.) His total offense level was 40, which included the following adjustments: 3 four-level upward adjustments and 2 two-level upward adjustments for specific offense characteristics; 1 three-level upward adjustment pursuant to USSG §3D1.4; and 1 two-level and 1 one-level downward adjustment for acceptance of responsibility. (*Id.* ¶¶ 46–73.) Accordingly, Farrar's guideline imprisonment range was 324 to 600 months. (*Id.* ¶ 107.) The Court varied downward based in part on Farrar's physical condition, mental and emotional condition, drug or alcohol dependence, and age, finding that a custodial sentence of 240 months was consistent with the 3553(a) factors. (Doc. 70 at 3.) Therefore, the Court has already considered the 18 U.S.C. § 3553(a) factors in considering what is a sufficient but not greater than necessary sentence for Farrar.

The Court finds Farrar's criminal history very concerning. The Court believes Farrar still presents a risk of danger to the community. Completion of the sentence imposed will best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public.

## CONCLUSION

Farrar has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence. The § 3553(a) factors support denial of Farrar's request.

Accordingly, IT IS ORDERED that Farrar's motion to reduce sentence (Doc. 75) is DENIED.

DATED this 27th day of January, 2026.

_____
Dana L. Christensen, District Judge
United States District Court